CHAMBERS BROS. & CO. *v.* GEO. W. LUBKE, ASSIGNOR.

**Principle and Surety—Ratification.**

> Where an agent sold whisky at a price less than that fixed by his principals, in violation of his authority, but the principals wrote the agent stating that they believed that he did the best he could in the sale, and directed him to take up their acceptance for $970.45 and to draw on them at thirty days for the balance of the account, it amounted to an appropriation of the money arising from the sale, and was a ratification of the act of the agent.

APPEAL FROM JEFFERSON CIRCUIT COURT.

December 5, 1873.

OPINION BY JUDGE PETERS:

The sale of whisky was for prices below the maximum fixed by appellants, and was in violation of the authority given to Morse; but after it was made, and an account thereof rendered to appellants, they, in their letter of the 16th of November, 1870, addressed to Morse, express the opinion that he did the best he could with the whisky, and directed him in that letter to take up their acceptance for 970.45, to mature in St. Louis, and to draw on them at 30 days for the balance of account, or in other words, for the difference between the price realized for the whisky and the amount of their acceptance for $970.45.

This was an appropriation of the money arising from the sale, and a complete ratification of the acts of Morse in the transaction.

Certainly, if even after this ratification, appellants had discovered that Morse had committed a fraud, and had actually received more for appellants' property than he accounted for, or by fraud or through negligence sold the goods below their market value, he might have been held liable therefor. But the evidence fails to establish fraud or culpable negligence on Morse.

The judgment must be affirmed.

*Gazlay, Reincke, for appellants.*

*Bodley & Simrall, for appellees.*